**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODNEY RAY SLUSSER,

    Petitioner,

v.                                                              Case No. 10-12611

STATE OF MICHIGAN,

    Respondent.
                                              /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONS FOR A WRIT OF HABEAS CORPUS,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On July 1, 2010, petitioner Rodney Ray Slusser filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. On July 13, 2010, Petitioner filed an amended petition, and on July 26, 2010, he filed a third petition in this case. The initial petition filed on July 1, 2010, challenges criminal charges that are pending against Petitioner in Jackson County, Michigan. The amended petition filed on July 13, 2010, and the third petition filed on July 26, 2010, challenge Petitioner's 1984 conviction and sentence for receiving and concealing stolen property. Because Petitioner has not demonstrated that he has exhausted his state court remedies for any of his claims, the petitions will be dismissed without prejudice.

**I. BACKGROUND**

In 1983 or 1984, Petitioner pleaded guilty to receiving and concealing stolen property. Petitioner apparently served his sentence for that offense and was released from custody. On May 25, 2010, he was arrested for assault with a dangerous weapon,

Mich. Comp. Laws § 750.82, and aggravated domestic violence, Mich. Comp. Laws § 750.81a(2). Before his preliminary examination on the charges, he moved to have the state district court judge recuse himself because the judge was Petitioner's attorney in the 1984 case. The state district court judge denied Petitioner's motion, and Petitioner's attorney in the state court matter declined to appeal the judge's ruling.

Petitioner filed his habeas corpus petition on July 1, 2010. He claims that he is being denied his rights to due process and equal protection of law because (1) the victim in his pending state court case does not want to proceed with the case, (2) the district court judge was not neutral or detached, and (3) his attorney refuses to argue the appropriate motions. Petitioner alleges in his second and third petitions that his guilty plea in the 1984 case was involuntary and that his attorney in the 1984 case, who is the state district court judge in his pending criminal case, was ineffective for failing to appear at his sentencing. In addition, Petitioner alleges that the prosecution is using his 1984 case to charge him as a habitual offender in the pending criminal case.[1]

## II. DISCUSSION

### A. Exhaustion of State Remedies

The doctrine of exhaustion of state remedies requires state prisoners to fairly

---

[1] It is unclear whether Petitioner is making an independent challenge to the validity of his 1984 conviction or whether he anticipates challenging a future sentence as enhanced by the prior conviction. If he is making an independent challenge to his 1984 conviction, he should file a separate habeas corpus petition. See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must filed a separate petition covering the judgment or judgments of each court."). The court declines to express an opinion on whether Petitioner is in custody for his 1984 conviction or whether substantive review of his claims about the 1984 conviction is barred by the one-year statute of limitations.

present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. A habeas petitioner must therefore present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Although the exhaustion doctrine is not a jurisdictional matter . . . it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner*, 581 F.3d at 415 (citations omitted).

Petitioner alleges that he did not perfect an appeal in his 1984 case. As for his pending criminal case, he alleges that he filed a state petition for the writ of habeas corpus more than twenty days ago, but the state court has not acknowledged his petition.

Petitioner claims that his only recourse was to file a federal petition for the writ of habeas corpus. This court disagrees. If Petitioner is unsuccessful with his state petition, which he presumably filed in state circuit court, he may file an original petition for the writ of habeas corpus in the Michigan Court of Appeals, *see Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App.,1985), and an application for leave to appeal in the Michigan Supreme Court, *see* Mich. Ct. R. 7.302. If Petitioner is

3

convicted, he may appeal as of right to the Michigan Court of Appeals, Mich. Ct. R. 7.203(A), and by application for leave to appeal in the Michigan Supreme Court, Mich. Ct. R. 7.302.

To the extent that Petitioner is making an independent challenge to the validity of his 1984 conviction, he may file a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules. An unfavorable decision on a motion for relief from judgment may be appealed to the Michigan Court of Appeals, Mich. Ct. R. 6.509(A), and to the Michigan Supreme Court, Mich. Ct. R. 7.302.

Petitioner has not exhausted state remedies for his claims about his 1984 case or his 2010 case by raising his claims in the Michigan Court of Appeals and in the Michigan Supreme Court. Furthermore, although federal courts may consider pretrial habeas corpus petitions, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir. 1981). It is possible that the issues in this case will be resolved by trial or in an appeal to the state courts. Thus, the court will abstain from the exercise of pretrial habeas corpus jurisdiction.

## B. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28

---

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

4

U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong.  The court thus declines to issue Petitioner a certificate of appealability.

### III. CONCLUSION

IT IS ORDERED the Petitions for Writ of Habeas Corpus [Dkt. # 1, # 4, and # 6] are DISMISSED WITHOUT PREJUDICE.

This court DECLINES to issue a certificate of appealability**.**

   s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2010

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2010, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-12611.SLUSSER.Exhaust.State.Remedies.bh.wpd

6