**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODNEY RAY SLUSSER,

      Petitioner,

v.

                                Case No. 10-12611

STATE OF MICHIGAN,

      Respondent.
                                        /

**ORDER DENYING PETITIONER'S MOTION FOR REHEARING**

On July 1, 2010, petitioner Rodney Ray Slusser filed a *pro se* petition for writ of habeas corpus. On July 13, 2010, he filed an amended petition, and on July 26, 2010, he filed still another petition. The court construed the first petition as a challenge to criminal charges that were pending against Petitioner in Jackson County, Michigan. The court understood Petitioner to be saying that he was being denied his Due Process and Equal Protection rights because (1) the victim in the pending state court case did not want to proceed with the case, (2) the district court judge was not neutral or detached, and (3) his attorney refused to argue the appropriate motions.

The court construed the other two habeas petitions as challenges to a 1984 plea-based conviction and sentence for receiving and concealing stolen property. Petitioner appeared to be saying that he entered a guilty plea in the 1984 case, but Petitioner claims that his plea was involuntary and that he received ineffective assistance of counsel because his attorney failed to appear for sentencing. Petitioner also alleged

that the prosecution was using his 1984 case to charge him as a habitual offender in the pending 2010 case.

The court dismissed all three petitions without prejudice on August 30, 2010, because Petitioner had not shown that he exhausted state remedies for his claims, as required by 28 U.S.C. § 2254(b)(1). Petitioner recently moved for a re-hearing on the ground that he did not plead guilty to receiving and concealing stolen property in 1984. He claims that court records reflect a guilty plea, but that he never pleaded guilty to the charge and, therefore, the felony for receiving and concealing stolen property should not be used against him. Petitioner seeks to have transcripts produced from the 1984 case and for this court to review his claims.

Although Petitioner's claim—if true—would be extremely serious, it would nonetheless be improperly before this court at this time. As stated in the opinion and order of August 30, 2010, (Dkt. # 8) any petitioner seeking a writ of habeas corpus under 28 U.S.C. § 2254 must show that he has exhausted all state remedies before a federal court may consider the petition. 28 U.S.C. §§ 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). "A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner*, 581 F.3d at 414. "[I]t is a threshold question that must be resolved before we reach the merits of any claim." *Id.* at 415.

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration shall be granted if the movant can "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion

have been misled," and show that "correcting the defect will result in a different disposition of the case." E. D. Mich. LR 7.1(h)(3). As applied to Petitioner's motion, this rule requires Petitioner to show a palpable defect in this court's decision to dismiss his habeas petitions for failure to exhaust state remedies. Petitioner does not contest the fact that he has not exhausted all state remedies for his claims. Instead, he argues only that this court did not undertake a thorough review of his claims. As Petitioner has failed to identify a palpable defect in the court's prior decision, this court will deny the motion for reconsideration.

Petitioner does not assert that he has now exhausted all state remedies. As failure of exhaustion of state remedies was the sole ground for denying the previous petition, Petitioner has failed to demonstrate a palpable defect in the previous opinion and order. Accordingly,

IT IS ORDERED that Petitioner's motion for rehearing [Dkt. #10] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: October 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522